UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TINA MICHELLE BRAUNSTEIN,

                            Plaintiff,              06 Civ. 5978 (CS)(GAY)

         - against -                    **ORDER ADOPTING REPORT AND RECOMMENDATION**

DAVID BARBER and BLUE HILL AT STONE BARNS, LLC,

                            Defendants.
------------------------------------------------------------------------x

Appearances:

Charles E. Joseph, Esq.
Daniel M. Kirschenbaum, Esq.
Joseph and Herzfeld
New York, New York
*Counsel for Plaintiff*

Dominic P. Bianco, Esq.
Gallagher Walker Bianco & Plastaras
Mineola, New York
*Counsel for Defendants*



Seibel, J.

      Before the Court is the Report and Recommendation ("R&R") dated March 27, 2009, of Magistrate Judge George Yanthis (Doc. 33) in this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* Plaintiff Tina Michelle Braunstein alleges that while employed as a bartender at the Blue Hill at Stone Barns restaurant, owned by Defendant Barber, she was subjected to gender-based discrimination, sexual harassment, and retaliation for complaints about the discrimination and harassment. Defendants moved for summary judgment, and Judge Yanthis recommended denial of their motion. Defendants have filed Objections to the R&R (Doc. 34),

and Plaintiff has responded (Doc. 35). Familiarity with the R&R, the record and prior proceedings is assumed.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific" and "written," and submitted "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C).

Where a party submits timely objections to a report and recommendation, as Plaintiffs have here, the district court reviews the parts of the report and recommendation to which the party objected under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *see id.* ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record. *See White v. Fischer*, No. 04-CV-5358, 2008 WL 4210478, at *1 (S.D.N.Y. Sept. 12, 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). The clearly-erroneous standard also applies when a party makes only "conclusory or general objections, or simply reiterates his original arguments." *Barratt v. Joie*, No. 96-CV-324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

Having reviewed the record, I agree with Judge Yanthis' conclusions and adopt the R&R as the decision of the Court. There is no clear error in the portions of the R&R to which no

objection has been lodged, and as to those portions to which Defendants have objected, I have reviewed them *de novo* and agree with Judge Yanthis that there are disputed factual issues requiring resolution by a jury in connection with each of the claims. These issues include: 1) whether Plaintiff was a satisfactory, even outstanding, employee who was mistreated because of her gender, or a moody, inconsistent employee who was at times difficult, rude or unwilling or unable to pull her weight; 2) whether Plaintiff's supervisor's use of the terms "bitch" and "diva" were or were not gender-based in context; 3) whether, under the totality of the circumstances, Plaintiff's supervisor's use of those terms and other behavior caused the workplace to be permeated with discriminatory intimidation sufficiently severe or pervasive to alter the terms of Plaintiff's employment; and 4) whether Plaintiff's complaints to Defendant Barber were about management issues, as Defendants claim, or about demeaning, sexist comments and discriminatory treatment, as Plaintiff claims. The same-actor inference is not dispositive, particularly where, as here, there is evidence that such actor made comments that could be construed as overtly discriminatory. Finally, the Title VII claims are, on consent of Plaintiff, dismissed as to Defendant Barber only.

Defendants' Motion for Summary Judgment is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion. (Doc. 32.) The parties are directed to appear at a status conference on June 23, 2009 at 10:00 a.m.

SO ORDERED.

Dated: June /, 2009
White Plains, New York

CATHY SEIBEL, U.S.D.J.